IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PRIORITY PAYMENT SYSTEMS, LLC, CYNERGY DATA, LLC, and PRIORITY HOLDINGS, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO. _____ |
| SIGNAPAY, LTD., SIGNAPAY, LLC, ANDRES ORDOÑEZ, TOM BOHAN, INTREND SOFTWARE SOLUTIONS, and GUSTAVO SIMONE, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## DEFENDANTS SIGNAPAY, LTD., SIGNAPAY, LLC, ANDRES ORDOÑEZ, AND TOM BOHAN'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants SignaPay, Ltd., SignaPay, LLC, Andres Ordoñez, and Tom Bohan ("Defendants") hereby file this Notice of Removal of Civil Action File No. 2015CV267998 from the Superior Court of Fulton County, Georgia to this Court. As grounds for their removal of this action, Defendants respectfully state the following:

### BACKGROUND

This case centers on Plaintiffs' claims that Defendants accessed and copied computer files without authorization and misappropriated trade secrets embodied in

1

computer software. Ignoring Defendants' efforts to resolve the parties' disputes without litigation, Plaintiffs filed this case in the Superior Court of Fulton County, Georgia on November 10, 2015. Although Plaintiffs assert exclusively state-law claims, the gravamen of their claims is that Defendants "improperly accessed both of Priority's merchant management systems in an effort to develop a competing system for SignaPay." Compl. ¶ 2. This is, in essence, a copyright claim. In particular, Plaintiffs' claim for violation of the Georgia Computer Systems Protection Act ("GCSPA") protects identical interests and shares nearly the same elements with a claim for copyright infringement. This claim is preempted by the Federal Copyright Act, which confers subject-matter jurisdiction on this Court.

## THE REMOVAL REQUIREMENTS ARE SATISFIED

The removal of this case is proper under 28 U.S.C. §§ 1441 and 1446. The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and all applicable requirements for removal have been satisfied.

**A.  The Court has subject-matter jurisdiction because Plaintiffs' GCSPA claim is preempted by the Federal Copyright Act.**

Plaintiffs assert causes of action for (1) violation of the Georgia Trade Secrets Act; (2) violation of the GCSPA; (3) breach of contract; and (4) tortious interference with business relationship and/or contract. The GCSPA claim is preempted by the Federal Copyright Act, which provides for exclusive jurisdiction in federal courts.

28 U.S.C. § 1338; *see Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 864 (11th Cir. 2008) (recognizing that "four other circuits have held that at least some state law claims are preempted by the Copyright Act such that federal subject matter jurisdiction exists over the claim under the complete preemption doctrine").[1] "[T]he preemptive force of § 301(a) of the Copyright Act transforms a state-law complaint asserting claims that are preempted by § 301(a) into a complaint stating a federal claim for purposes of the well-pleaded complaint rule." *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012). In other words, copyright preemption "'permits recharacterization of a plaintiff's claim as a federal claim so that removal is proper' even though the complaint may not mention a federal basis of jurisdiction." *Ritchie v. Williams*, 395 F.3d 283 (6th Cir. 2005).

In determining whether a claim is preempted by the Copyright Act, courts ask two questions:

> (1) whether the particular work falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103 (the subject matter requirement; and (2) whether the claim seeks to vindicate rights that are equivalent to one of the bundle of exclusive rights of a copyright holder protected by 17 U.S.C. § 106 (the general scope requirement). In evaluating the second prong, courts ask whether the state law claim has "extra elements

---

[1] The Eleventh Circuit has "not yet decided whether the Copyright Act has such complete preemptive effect." *Stuart Weitzman*, 542 F.3d at 864. However, every circuit to address the issue has concluded claims that are preempted by the Copyright Act are removable to federal court.

3

that make it qualitatively different from a copyright infringement claim."

*Stuart Weitzman*, 542 F.3d at 864 n.5 (citations omitted). Plaintiffs' GCSPA claim satisfies both prongs of the test.

First, the central allegation of Plaintiffs' GCSPA claim is that Defendants' improperly accessed Plaintiffs' computer software systems and source code. Compl. ¶ 147-52 (accusing Defendants of improperly accessing and appropriating "Priority's VIMAS Source Code" and "MXA Merchant Management System"); *see, e.g.*, Compl. ¶ 2 (alleging that Defendants "have improperly accessed both of Priority's merchant management systems in an effort to develop a competing system for SignaPay"); ¶ 93 (accusing Defendant Bohan of "accessing Priority's computer system" in violation of Georgia law). "It is now well-established under the [Copyright] Act that a computer program is a 'work of authorship' and is subject to copyright protection." *Digital Commc'ns Assocs., Inc. v. Softklonw Distrb. Corp.*, 659 F. Supp. 449, 454 (N.D. Ga. 1987). "Case law under the Act also clearly establishes that copyright protection extends to . . . a program's source code, written in conventional human language and symbols, and object code, written in machine readable binary language." *Id.* (compiling cases). Because Plaintiffs' computer software is the sole subject matter of its GCSPA claim, the claim satisfies the first prong of the preemption test.

Second, Plaintiffs' GCSPA claim does not have an "extra element" that makes it qualitatively different from a copyright claim. A GCSPA claim requires proof that the defendant (1) used a computer or computer network without authority; (2) to take or appropriate the property of another. O.C.G.A. § 16-9-93(g). Although copyright infringement does not require the use of a computer, the addition of this element does not render a GCSPA claim *qualitatively* different—indeed, while use of a computer is not *necessary* for a copyright claim, it is *sufficient*. Neither this Court nor the Eleventh Circuit has considered whether a GCSPA claim is equivalent to a copyright claim, but the Fourth Circuit has found a nearly identical state-law claim preempted:

> Rosciszewski's claim under the Virginia Computer Crimes Act does not require proof of elements beyond those necessary to prove copyright infringement of a computer program that make the claim qualitatively different from a copyright infringement claim; the core of both causes of action, in the context of Rosciszewski's claim, is the unauthorized copying of a computer program. That the first element of § 18.2–152.3 requires use of a computer does not qualitatively change the nature of the claim from that of unauthorized copying because, in the context of Rosciszewski's claim, use of the computer is "a necessary condition to [the] copying." Further, the second element of the violation of § 18.2–152.3, requiring that use of the computer be "without authority," does not add a qualitatively different element.

5

*Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 230 (4th Cir. 1993) (citations omitted).

Because Plaintiffs' GCSPA claim is preempted by the Copyright Act, the Court has jurisdiction over that claim. Further, because the rest of Plaintiffs' state-law claims "form part of the same case or controversy" as the GCSPA claim, the Court can exercise supplemental jurisdiction over the other claims. 28 U.S.C. § 1367(a); *see Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (6th Cir. 2004) (finding federal jurisdiction over claims preempted by the Copyright Act and explaining that the court could exercise supplemental jurisdiction over the remaining non-preempted claims because they "derive from a common nucleolus of operative fact"). Thus, "the entire case may be removed and the district court may determine all issues therein." 28 U.S.C. § 1441(c).

**B.    This Notice of Removal is procedurally correct.**

Defendants have satisfied all applicable procedural requirements relating to this Notice of Removal. As noted above, this case was filed in Superior Court of Fulton County on November 10, 2015. Plaintiffs provided notice of the filing to Defendants that same day. Defendants were served with process on November 19, 2015. This removal is timely because Defendants are removing this action within thirty (30) days of receipt of the Complaint. *See* 28 U.S.C. § 1446(b).

Defendants also have satisfied the other procedural requirements of the Federal Rules of Civil Procedure and the Local Rules. Concurrently with the filing of this Notice of Removal, Defendants are filing a Notice of Filing of Notice of Removal to Federal Court with the Superior Court of Fulton County, a copy of which is attached hereto as **Exhibit A**. Defendants also are attaching as **Exhibit B** all process, pleadings, and order that have been filed in the Superior Court of Fulton County.[2] In compliance with the Local Rules, Defendants are filing concurrently with this Notice of Removal a Civil Cover Sheet and Certificate of Interested Persons.

**C.    All served Defendants consent in this removal.**

Defendants SignaPay, Ltd., SignaPay, LLC, Andres Ordoñez, and Tom Bohan consent to removal of this action, as evidenced by their joint filing of this Notice of Removal. Defendants Intrend Software Solutions and Gustavo Simone have not yet been served and therefore need not consent at this time. *See Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served.").

---

[2] Plaintiffs filed certain pleadings under seal and only provided redacted versions to Defendants. Defendants therefore are filing these redacted versions of the pleadings.

7

**D.      Plaintiffs' Complaint contains a jury demand.**

Plaintiffs demanded a trial by jury on all issues triable to a jury in this action.

## CONCLUSION

By this notice, Defendants do not waive any defenses or objections that they may have to service, jurisdiction, or venue. Defendants intend no admission of fact, law, or liability by this notice, and reserve all defenses, motions, and pleas. Defendants pray that this action be removed to this Court for determination, that all further proceedings in the Superior Court of Fulton County be stayed, and that Defendants obtain all additional relief to which they are entitled

Respectfully submitted this 25th day of November, 2015.

> _s/ Joseph C. Peake, III_
> Joseph C. Peake, III
> Georgia Bar No. 568795
> Andrew C. Matteson
> Georgia Bar No. 477140
> **STOUT KAISER MATTESON**
> **PEAKE & HENDRICK, LLC**
> 1117 Perimeter Center West, Suite W400
> Atlanta, Georgia 30338
> Office: (770) 349-8200
> Fax: (770) 349-8210
> jpeake@stoutkaiser.com
> amatteson@stoutkaiser.com
>
> Joel W. Reese (*pro hac vice* pending)
> Texas Bar No. 00788258
> joel.reese@rgmfirm.com

Tyler J. Bexley (*pro hac vice* pending)
Texas Bar No. 24073923
tyler.bexley@rgmfirm.com

**REESE GORDON MARKETOS LLP**
750 N. St. Paul St., Suite 610
Dallas, Texas 75201-3202
214.382.9810 telephone
214.501.0731 facsimile

**ATTORNEYS FOR DEFENDANTS SIGNAPAY, LTD., SIGNAPAY, LLC, ANDRES ORDOÑEZ, AND TOM BOHAN**

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1B

I hereby certify that the foregoing **DEFENDANTS SIGNAPAY, LTD., SIGNAPAY, LLC, ANDRES ORDOÑEZ, AND TOM BOHAN'S NOTICE OF REMOVAL** has been prepared in Times New Roman 14 point font, double-spaced, with a top margin of not less of 1.5 inches and a left margin of not less than 1 inch.

Respectfully submitted this 25th day of November, 2015.

    *s/ Joseph C. Peake, III*
JOSEPH C. PEAKE, III
Georgia Bar No. 568795

**Stout Kaiser Matteson Peake & Hendrick, LLC**
1117 Perimeter Center West
Suite W400
Atlanta, Georgia 30338
Direct: (770) 349-8219
Facsimile: (770) 349-8210
jpeake@stoutkaiser.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing **DEFENDANTS SIGNAPAY, LTD., SIGNAPAY, LLC, ANDRES ORDOÑEZ, AND TOM BOHAN'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, and additionally served the following counsel of record by mailing a copy of the same via Certified United States Mail to:

Barry Goheen, Esq.
Stephen P. Cummings, Esq.
Nicholas G. Hill, Esq.
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, Georgia  30309

Respectfully submitted this 25th day of November, 2015.

 *s/ Joseph C. Peake, III*
JOSEPH C. PEAKE, III
Georgia Bar No. 568795

**Stout Kaiser Matteson Peake**
**& Hendrick, LLC**
1117 Perimeter Center West
Suite W400
Atlanta, Georgia 30338
Direct: (770) 349-8219
Facsimile: (770) 349-8210
jpeake@stoutkaiser.com

11